# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2013

Lyle W. Cayce
Clerk

No. 13-50002
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GALLARDO-BEJARANO, also known as Ismael Salas-Diaz, also known as Jose Gallardo Bejarano,

Defendant-Appellant

cons. w/ No. 13-50006

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GALLARDO-BEJARANO, also known as Jose Gallardo,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2005-1
USDC No. 3:11-CR-581-1

No. 13-50002
c/w No. 13-50006

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Gallardo-Bejarano pleaded guilty to attempted illegal reentry into the United States and was sentenced to a within-guidelines range term of 71 months of imprisonment and three years of non-reporting supervised release. The district court also revoked Gallardo-Bejarano's term of supervised release on a prior conviction and imposed a sentence at the top of the advisory guidelines range of 14 months, to run concurrently to the illegal reentry sentence. His appeals from those judgments were consolidated.

On appeal, Gallardo-Bejarano concedes that precedent forecloses his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that his 71-month sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009). However, he contends that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the Sentencing Guidelines account for a prior conviction both to increase his offense level and to calculate his criminal history score. He also asserts that his crime of conviction was a type of trespass and the guidelines range failed to reflect his personal history and circumstances. Gallardo-Bejarano raises no challenges in this court to the revocation proceeding or sentence; thus, he has abandoned any challenge that he could have raised. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2007).  We have rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  The argument that § 2L1.2 lacks an empirical basis and constitutes double counting is also foreclosed.  *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).   Gallardo-Bejarano's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51.

Gallardo-Bejarano has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentences of 71 months.  *See id.* at 51.  The judgments of the district court are AFFIRMED.